Stacy Tolchin (CA SBN #217431)
*Email: Stacy@Tolchinimmigration.com*
Law Offices of Stacy Tolchin
776 E. Green St., Suite 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233

Khaled Alrabe (CA SBN #349899)
*Email: khaled@nipnlg.org*
National Immigration Project of the
   National Lawyers Guild (NIPNLG)
1763 Columbia Road NW, Suite 175 #896645,
Washington, DC 20009
Telephone:  (617) 227-9727 x3
Facsimile: (617) 227-5495

Counsel for Plaintiff
(*continued on next page*)

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| STUDENT DOE #1, | No. 5:25-cv-00847-SSS-SHK |
| Plaintiff, | MOTION TO CONSOLIDATE RELATED CASES |
| v. | |
| KRISTI NOEM, in her official capacity as Secretary of Homeland Security; the DEPARTMENT OF HOMELAND SECURITY; and TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, | Hearing: May 23, 2025<br>Time: 2:00 p.m.<br>Courtroom: 2 (Riverside)<br>Judge: Sunshine S. Sykes |
| Defendants. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Anne Lai (CA SBN #295394)
*Email: alai@law.uci.edu*
UC Irvine School of Law
401 E. Peltason Dr.
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-2747
Counsel for Plaintiff

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 23, 2025 at 2:00 p.m., or as soon as thereafter as counsel may be heard, before the Honorable Sunshine S. Sykes, in Courtroom 2, Second Floor of the George E. Brown, Jr. Federal Building and United States Courthouse, 3470 Twelfth Street, Riverside, CA 92501-3801, Plaintiff Student Doe #1 will and hereby does move the Court for an order granting Plaintiff's Motion to Consolidate Matter With Related Cases. Specifically, Plaintiff requests that the Court consolidate the following matters for all purposes:

1) *Student Doe # 1 v. Noem*, 5:25-cv-00847-SSS-SHK

2) *Student Doe # 2 v. Noem*, 2:25-cv-02993-SPG-SSC

3) *Student Doe # 3 v. Noem*, 8:25-cv-00706-DOC-DFM

4) *Student Does #4-19 v. Noem*, 2:25-cv-03528-MCS-JPR

Pursuant to Local Rule 7-3, Plaintiff's counsel contacted Defendants on April 16, 2025 to inform Defendants of Plaintiff's intent to file this Motion and seek consolidation. Tolchin Decl., ¶ 3. Additional conferrals took place by phone or email on April 17, 2025, April 18, 2025, April 22, 2025, and April 23, 2025. Defendants indicate that they are unable to agree to consolidation at this time. *Id.*

This Motion is supported by the following memorandum of points and authorities included below, all papers and records on file in this matter, and such other matters as the Court may consider. A proposed form of order is concurrently lodged.

This Motion is being submitted in the first-filed action among the cases listed above. Notices of this Motion will be filed on the docket in all three other actions.

Dated: April 23, 2025                    LAW OFFICES OF STACY TOLCHIN

                                          /s/ Stacy Tolchin
                                          Stacy Tolchin

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

Starting sometime in March 2025, Defendants began abruptly and arbitrarily terminating the Student and Exchange Visitor Information System (SEVIS) records of international students around the country, effectively ending their status. While the exact numbers are unknown, some reports indicate that over four thousand students have been impacted.[1] Plaintiff's counsel began receiving outreach from students who had been notified by their schools of these SEVIS terminations and wanted to bring a legal challenge. Tolchin Decl., ¶ 4. Not all the students came forward at once, but the terminations had created an emergency, prompting Plaintiff's counsel to file several separate actions as each was ready to file. *Id.* However, now that the cases are filed, judicial economy and convenience favor consolidation. Thus, pursuant to Fed. R. Civ. P. 42(a)(2), Plaintiff hereby seeks consolidation of the following cases for all purposes:

a) *Student Doe #1 v. Noem*, 5:25-cv-00847-SSS-SHK ("Doe #1")

b) *Student Doe #2 v. Noem*, 2:25-cv-02993-SPG-SSC ("Doe #2")

c) *Student Doe #3 v. Noem*, 8:25-cv-00706-DOC-DFM ("Doe #3")

d) *Student Does #4-#19 v. Noem*, 2:25-cv-03528-MCS-JPR ("Does #4-#19")

Plaintiffs in the four cases consent to this request. Tolchin Decl., ¶ 5.[2]

Under Fed. R. Civ. P. 42(a)(2), the Court may join for hearing or trial or all purposes or consolidate cases before the Court that "involve a common question of

---

[1] *See* Andrew Kreighbaum, *Lawsuits Over Foreign Students' Status Find Solid Legal Footing*, BLOOMBERG LAW (April 15, 2025), https://news.bloomberglaw.com/daily-labor-report/lawsuits-over-foreign-students-status-find-solid-legal-footing.

[2] Plaintiffs have filed a notice of related case in all these actions, *see* Doe #1, Dkt. 9, Doe #2, Dkt. 11, Doe #3, Dkt. 9, Does #4-#19, Dkt. 3, but as of today's date, the Court has not taken action on those notices and the cases are currently pending before four different judges.

law or fact." Courts have broad discretion to consolidate cases. *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008). In determining whether to consolidate cases under Rule 42, courts determine whether the interests of judicial economy considering the common questions of law or fact outweigh any delay or prejudice that might result. *Daly v. Amazon.com, Inc.*, No. C22-910RSM, 2024 WL 841457, at *2 (W.D. Wash. Feb. 28, 2024); *see also Prime Media Grp., LLC v. Acer Am. Corp.*, 2015 WL 12979102, at *2 (N.D. Cal. May 26, 2015).

The complaints in all four of the relevant actions allege that Plaintiffs' SEVIS records were terminated pursuant to Defendants' new policy of trying to prompt numerous international students who did nothing to violate the terms of their status to prematurely abandon their studies or post-graduate training and "self-deport," based on contacts with law enforcement, often minor and often not resulting in any conviction. *See* Doe #1 Complaint, ¶¶ 1-4, 24-30, 32; Doe #2 Complaint, ¶¶ 1-3, 24-30, 32-33; Doe #3 Complaint, ¶¶ 1-4, 25-32, 34; Does #4-#19 Complaint, ¶¶ 1-4, 48-53, 55-59, 61-64, 66-69, 71-74, 76-79, 81-85, 87-90, 92-95, 97-101, 103-06, 108-11, 113-16, 118-21, 123-27, 129-34. The government has not indicated that any of the students' criminal convictions (where there are convictions) make them eligible to lose their status, nor cited any other basis in statute or regulation authorizing the terminations. *See* Doe #1 Complaint, ¶¶ 22, 28-32; Doe #2 Complaint, ¶¶ 22, 28-33; Doe #3 Complaint, ¶¶ 23, 29-34; Does #4-#19 Complaint, ¶¶ 40, 49-52, 56-58, 62-64, 67-69, 72-74, 77-79, 82-84, 88-90, 93-95, 98-100, 104-06, 109-11, 114-16, 119-21, 124-26, 130-33. Further, Plaintiffs were not given any prior notice or opportunity to respond. *See* Doe #1 Complaint, ¶¶ 28-31; Doe #2 Complaint, ¶¶ 28-31; Doe #3 Complaint, ¶¶ 29-33; Does #4-#19 Complaint, ¶¶ 52, 58, 64, 69, 74, 79, 84, 90, 95, 100, 106, 111, 116, 121, 126, 133. Defendants have simply, and unilaterally, cut off Plaintiffs' ability to continue their academic and professional journeys in the United States including the benefits attendant to their student status, and rendered them vulnerable to arrest, detention,

and removal. *See* Doe #1 Complaint, ¶¶ 1, 3, 14; Doe #2 Complaint, ¶¶ 1, 3, 14; Doe #3 Complaint, ¶¶ 1, 3, 15; Does #4-#19 Complaint, ¶¶ 1-2, 30-32, 42.

The four actions argue that Defendants' SEVIS termination for Plaintiffs were unlawful and advance identical causes of action under the Administrative Procedure Act (APA) and the Fifth Amendment to the U.S. Constitution. *See* Doe #1 Complaint, ¶¶ 37-52; Doe #2 Complaint, ¶¶ 39-54; Doe #3 Complaint, ¶¶ 40-55; Doe #4-#19 Complaint, ¶¶ 138-53. The four actions also seek identical relief. *See* Doe #1 Complaint at 15; Doe #2 Complaint at 14; Doe #3 Complaint at 14-15; Doe #4-#19 Complaint at 32. Due to the claims being brought, the cases are not entitled to a jury trial.

Consolidation is appropriate here for three reasons.

**First**, as explained above, there exist common questions of law and fact across the cases. For example, each of these cases will need to resolve the question of when Defendants may terminate an international student's SEVIS record when the student has not sustained a conviction described in 8 C.F.R. § 214.1(g), nor any other deportable conviction, and has otherwise complied with the terms of their status. Each of the cases will also need to evaluate Plaintiffs' theories under the APA and the Fifth Amendment and determine what relief the Court may grant. There is therefore little question that consolidation would conserve judicial resources. Consolidation would also avoid unnecessary expense to the parties and be more convenient for witnesses who will not have to be deposed or testify in four different proceedings. *See Prime Media Grp., LLC*, 2015 WL 12979102, at *2 (discussing burden on parties and witnesses as a factor for consolidation). Further, consolidation can help with avoiding disparate results on the legal claims, at least among these four cases, which can help students who may be following these cases make decisions about their future.

**Second**, consolidation is not likely to prejudice any individual plaintiff(s) or Defendants. All of the cases are at a similar stage, with an initial applications for

temporary restraining order filed, Doe #1, Dkt. 21, Doe #2, Dkt. 19, Doe #3, Dkt. 17, Does #4-#19, Dkt. 5, but no other motions pending.[3] Because there will be no jury trials, consolidation will not risk jury confusion. Further, whether the cases are consolidated or not, Defendants will be able to make arguments about specific Plaintiffs if they so wish (as is routinely done in actions involving multiple plaintiffs). Rather than prejudicing Defendants, consolidation is likely to save Defendants time.

**Third**, consolidation will not cause any meaningful delay. The cases were only recently filed and no discovery has been taken. No trial dates have been set. Under these circumstances, there is no barrier to consolidation. *See Burton-Curl v. Seattle Coll. Dist. S. Campus*, No. 2:22-CV-01781-LK, 2023 WL 2352225, at *2 (W.D. Wash. Mar. 3, 2023) (discussing appropriateness of consolidation where defendant had not yet answered and no trial date had been set).

Defendants oppose consolidation because the identity of Plaintiffs has not yet been disclosed. Tolchin Decl., ¶ 3. But based on the allegations in the complaints alone, it is already apparent how much similarity there is in the cases.[4] Defendants have been unable to identify any real prejudice created by consolidation. For the reasons stated above, Plaintiff requests that the Court grant the request for consolidation.

---

[3] Plaintiffs were unable to file this request for consolidation sooner because they were conferring with Defendants per L.R. 7-3. Plaintiffs hoped to be able to reach agreement with Defendants on consolidation, but were ultimately unable to. Tolchin Decl., ¶ 3.

[4] Moreover, Plaintiffs plan to disclose their identities to Defendants as soon as a protective order governing that information can be entered, *see* Doe #1, Dkt. 21, Doe #2, Dkt. 19, Doe #3, Dkt. 17, Doe #4 Dkt. 5, hopefully before Defendants' opposition to this Motion would be due.

1

2      Dated: April 23, 2025

3      –

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

LAW OFFICES OF STACY TOLCHIN

/s/ Stacy Tolchin
Stacy Tolchin

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF COMPLIANCE UNDER L.R. 11-6.2

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 1,297 words, which:

_x_ complies with the word limit of L.R. 11-6.1.

___ complies with the word limit set by court order dated [*date*].

Dated: April 23, 2025                    /s/ *Stacy Tolchin*_____
                                         Stacy Tolchin