Stacy Tolchin (CA SBN #217431)
Email: Stacy@Tolchinimmigration.com
Law Offices of Stacy Tolchin
776 E. Green St., Suite 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233

Khaled Alrabe (CA SBN #349899)
Email: khaled@nipnlg.org
National Immigration Project of the
  National Lawyers Guild (NIPNLG)
1763 Columbia Road NW, Suite 175 #896645,
Washington, DC 20009
Telephone: (617) 227-9727 x3
Facsimile: (617) 227-5495

Counsel for Plaintiff
(*continued on next page*)

# UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUDENT DOE #1, <br><br> Plaintiff, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security; the DEPARTMENT OF HOMELAND SECURITY; and TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, <br><br> Defendants. | Case No. 5:25-cv-00847-SSS-SHK <br><br> **PLAINTIFF'S REPLY ISO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** <br><br> Hon. Sunshine S. Sykes |

Anne Lai (CA SBN #295394)
*Email: alai@law.uci.edu*
UC Irvine School of Law –
  Immigrant Rights Clinic
401 E. Peltason Dr.
Irvine, CA 92697-8000
Telephone: (949) 824-9894
Facsimile: (949) 824-2747

Counsel for Plaintiff

**INTRODUCTION**

Plaintiff hereby submits their Reply in Support of Plaintiff's Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction ("TRO Application"), Dkt. 21.

Defendants' opposition papers—rather than assuaging concerns about the legality of their actions—obscure and confuse the issues and raise more questions than they purport to answer. Defendants hide behind the fact that they do not know Plaintiff's identity, but they (1) created this problem by refusing to agree that they would not use the information for purposes outside this litigation, Tolchin Supp. Decl., ¶ 3; and (2) do not offer any legal arguments about why the information they do not yet know about Plaintiff would or could justify their termination of Plaintiff's SEVIS record. Defendants do not even attempt to explain why, if there has been a revocation of Plaintiff's visa, that would authorize SEVIS termination.

Indeed, pointing to Judge Valenzuela's order, Defendants appear to acknowledge that at least some TRO relief may be appropriate. Defendants object to the parts of Plaintiff's TRO Application that go beyond restoration of the SEVIS record. However, here too Defendants' arguments are unconvincing. As Plaintiff's evidence shows, international students with SEVIS terminations, including those who have no connection to protest activity, *have* been detained, and not on the basis of visa revocations. In addition, multiple other courts have included the provisions Plaintiff is asking for in their SEVIS termination TRO orders.

The government is playing fast and loose with students' lives, their status, and the law. There is little question that Plaintiff faces irreparable harm in the absence of court intervention. To the extent that there are questions left open by the government's actions, those favor preserving the status quo until a preliminary injunction hearing can be held. As of the time of this filing, Plaintiff's SEVIS record remains terminated. Tolchin Decl., ¶ 8.

**LIKELIHOOD OF SUCCESS ON THE MERITS**

Defendants make various arguments going to the likelihood of success of Plaintiff's claims. Each of these arguments fail.

**First**, it is the Administrative Procedure Act, not the Privacy Act, which governs the claims in this case.

Contrary to the Defendants' assertions, a SEVIS termination "mark[ed] the consummation of the agency's decisionmaking process." *Int'l Bhd. of Teamsters v. United States DOT*, 861 F.3d 944, 952 (9th Cir. 2017) (quoting *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)). There is no requirement for students to follow any exhaustion requirement because no process is available to seek review of the propriety of termination. *See* Shishegar Decl. (hereinafter "DSO Decl."), Ex. A to Tolchin Supp. Decl., ¶¶ 15-16, 21, 28 (discussing futility or inapplicability of correction or reinstatement processes); *see also Jie Fang v. Dir. United States Immigration & Customs Enforcement*, 935 F.3d 172, 185 (3d Cir. 2019). Additionally, the termination of Plaintiff's SEVIS record produces "legal consequences[.]" *Bennett*, 520 U.S. at 178. *See* DSO Decl. ¶¶ 4-8, 10-12, 16-18, 24-26, 29-32 (discussing consequences of SEVIS termination); Plaintiff's TRO Application at 7-9 (same); *see also* Tolchin Supp. Decl., Ex. B (Notice of Intent to Deny (NOID) H1B petition based on SEVIS termination and thus not being "in valid F-1 nonimmigrant status").

The Privacy Act does not apply here. In fact, Defendants' argument about the Privacy Act makes little sense. The thrust of their argument is that because the Privacy Act does not allow Plaintiff to bring a claim, the APA does not either. But Plaintiff does not even seek to challenge the correctness of Defendants' recordkeeping or handling of records. Thus, Plaintiff's claims cannot be "analogues" of claims under the Privacy Act that Congress has precluded, let alone analogues that Congress has forbidden. In numerous cases, courts have rejected the notion that the Privacy Act bars plaintiffs' claims. *See, e.g.*, *Student Doe v. Noem*, No. 2:25-cv-01103-DAD-AC, at 9 (E.D. Cal. Apr. 17, 2025); *Arizona Student Doe*

*#1 v. Trump*, No. CV-25-00174-TUC-JGZ, at 7–8 (D. Ariz. Apr. 24, 2025); *Jane Doe 1 v. Bondi*, No. 1:25-cv-01998-VMC, at 10–11 (N.D. Ga. Apr. 18, 2025).

**Second**, regarding Plaintiff's substantive claim under the APA that Defendants' termination of Plaintiff's SEVIS record is not authorized and is arbitrary and capricious, Defendants have no real response. Defendants advance no legal theory that could render their termination defensible. While they vaguely suggest that SEVIS termination may be based on criminal history, they fail to cite to the applicable regulation for loss of status due to conviction for a crime of violence. *See* 8 C.F.R. § 214.1(g).[1] Plaintiff's claim is not just that their criminal history is minor, but that that it is irrelevant because Plaintiff does not even have a conviction, let alone one that qualifies under 8 C.F.R. § 214.1(g). Defendants also have no response to Plaintiff's argument that a visa revocation is not a valid basis for SEVIS termination. *See* TRO Application; Tolchin Decl., Dkt. 21-2, ¶ 6 & Ex. C, Attachment 1. Finally, while Defendants suggest that Plaintiff cannot show that Defendants' actions were arbitrary and capricious because Plaintiff does not know the reason for termination, the opposite is true. The lack of any explanation—or any connection of an administrative decision to facts or a record—makes Plaintiff's claim *stronger*.

**Third**, regarding Plaintiff's due process claims, Defendants suggest that Plaintiff does not have a property interest in their SEVIS record. But the law of the Ninth Circuit establishes a property interest in the context of nondiscretionary immigration benefits. *See Ching*, 725 F.3d at 1154-55 (9th Cir. 2013)(recognizing a protected property interest in an I-130 visa petition); *ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059 (9th Cir. 2015) (recognizing protected property interest in participating

---

[1] Defendants cite to an ICE Fact Sheet on SEVIS termination reasons for support, but that page says nothing about what criminal history can justify terminations. *See* https://www.ice.gov/factsheets/f-and-m-student-record-termination-reasons-sevis (last accessed Apr. 24, 2025).

3

in exchange visitor program); *Brown v. Holder*, 763 F.3d 1141, 1148 (9th Cir. 2014) (recognizing protected property interest in application for naturalization). That reasoning applies here. Defendants alternatively suggest that Plaintiff could get notice and an opportunity to be heard through alternative processes or in removal proceedings, but Defendants are mistaken. A request to reinstate F-1 status is inapt here, *see supra* at 2, and moreover, it is discretionary with no provision for notice or a hearing. And the immigration courts have no ability to review the SEVIS termination here because the process is collateral to removal.[2]

## IRREPARABLE HARM AND BALANCE OF INTERESTS

Plaintiff meets the standard for a TRO and *Mission Power* standard is not to the contrary. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Plaintiff filed this action and did not immediately seek a TRO because Plaintiff was working out a schedule with Defendants for a motion for preliminary injunction. Tolchin Supp. Decl., ¶ 4. However, after learning of additional detentions of international students whose SEVIS records were terminated and TROs being granted around the country, Plaintiffs informed Defendants they could not wait and would instead include the substance of their withdrawn motion to proceed under pseudonym and for a protective order in a combined TRO Application. *Id.* Defendants were insisting on two weeks to file a brief in opposition to a preliminary injunction, which would have pushed out the timeline for a preliminary injunction even beyond the normal 28-day noticed motion schedule. *Id.*

Plaintiff is facing a deadline within the next few weeks to be able to transfer schools. Plaintiff Doe #1 Decl., Dkt. 21-2, ¶ 13. Without an active SEVIS record,

---

[2] *See Nakka v. United States Citizenship & Immigr. Servs.*, 111 F.4th 995, 1007 (9th Cir. 2024); *Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 183 (3d Cir. 2019).

4

Plaintiff will not be able to transfer. *Id.* Plaintiff is also facing loss of significant academic and career opportunities. *Id.* This injury is not speculative or hypothetical but quite real. As the Northern District of Georgia stated, "The loss of timely academic progress alone is sufficient to establish irreparable harm." *Doe v. Bondi*, No. 1:25-cv-01998-VMC, at 12 (N.D. Ga. Apr. 18, 2025) ("Plaintiffs declare that as a result of the SEVIS terminations, they will lose scholarships, career opportunities, access to education, and the ability to apply for OPT.").

Further, Plaintiff is facing the very real prospect of detention. Defendants insist that it is the visa revocation that makes Plaintiff vulnerable to detention, but in other cases challenging SEVIS terminations, the government submitted a declaration from a senior ICE official and director of the National Security Division (NSD) for Homeland Security Investigations (HSI) overseeing Student and Exchange Visitor Program (SEVP) functions stating that the government does not consider prudential visa revocation, "absent other factors," as "mak[ing] an individual amenable to removal." Watson Decl., Ex. C to Tolchin Supp. Decl., ¶ 21. In reality, the government is detaining students and placing international students in removal proceedings because it considers them out of status as reflected in the SEVIS termination. As the evidence submitted with Plaintiff's TRO Application (which Defendants ignore) shows, students with unlawful SEVIS terminations, including those who were not involved in protest activity, have been arrested and detained on grounds that they had "failed to maintain status." *See* Tolchin Decl., Dkt. 21-2, ¶¶ 10 & Exs. G (Chan Decl.) and H (Green Decl.) (confirming students have been charged with removability under Immigration and Nationality Act (INA) § 237(a)(1)(C)(i)). It is this action that Plaintiff maintains is unlawful in this case, and frighteningly possible.[3]

---

[3] Moreover, the risk of detention increases as soon as the government learns of Plaintiff's identity.

5

In sum, the balance of interests and the public interest favor the grant of relief. The public has no interest in permitting federal officials to act outside of the law. *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013).

## SCOPE OF RELIEF

Plaintiff's Application seeks to preserve the status quo and prevent further irreparable harm. While that can sometimes involve restraints on the government that overlap with the ultimate relief in a case, that does not make an injunction mandatory in nature.

Defendants take issue with parts of Plaintiff's TRO Application seeking to enjoin any legal effect or enforcement of the unlawful SEVIS termination and to prohibit detention and transfer. But these provisions are necessary because the government either has in fact imposed such consequences on international students whose SEVIS record was terminated, *see supra* at 5-6, or has threatened to impose such consequences, *see* Tolchin Decl., Dkt. 21-2, ¶ 6 & Ex. C, Attachment 2 (ominous consulate letter).

Defendants also object to Plaintiff proceeding with a pseudonym but mostly appear to object to the withholding of Plaintiff's identity as to them. Plaintiff would like to provide Defendants' counsel with their identity but needs to do so with protections in place. Defendants refused to agree to not use the information for purposes outside of this litigation, and that's why Plaintiffs have made the request for a protective order from the Court. Tolchin Supp. Decl., ¶ 3. In the other protective orders and cases cited by Plaintiff, *see* TRO Application at 20, sensitive information including about identity of class members or in some cases even plaintiffs received similar protections.

Defendants are simply wrong that other cases have not resulted in a TRO that goes beyond ordering the government to temporarily restore students' SEVIS record. In numerous other cases, courts have granted TROs restricting disclosure of

6

the identity of plaintiffs for any purpose outside of the litigation. *See, e.g.*, *Student Doe #1 v. Trump*, No. CV-25-00175, at 14 (D. Ariz. Apr. 25, 2025); *Jane Doe 1 v. Bondi*, No. 1:25-cv-01998, at 15 (N.D. Ga. Apr. 18, 2025); *Doe v. Trump*, No. 4:25-cv-03140, at 4 (N.D. Cal. Apr. 17, 2025); *Doe v. Noem*, No. 2:25-cv-01103, at 16 (E.D. Cal. Apr. 17, 2025). And numerous courts have also granted TROs restricting detention or transfer of plaintiffs. *See, e.g, Student Doe #1 v. Trump*, No. 3:25-cv-00926, at 14 (S.D. Cal. Apr. 25, 2025); *Student Doe #1 v. Trump*, No. CV-25-00175, at 14 (D. Ariz. Apr. 25, 2025); *Doe v. Noem, No. 3:25-cv-00042*, at 14 (S.D. Iowa Apr. 24, 2025), *D.B. v. Trump*, No. 2:25-cv-419, at 8 (S.D. Ohio Apr. 23, 2025); *Student Doe #1 v. Trump*, No. 25-cv-4188, at 2 (N.D. Ill. Apr. 21, 2025); *Student Doe #1 v. Trump*, No. 1:25-cv-02825, at 7 (D.N.J. Apr. 18, 2025); *John Doe v. Noem*, 2:25-cv-633, at 21-22 (W.D. Wash. Apr. 17, 2025).

## NO BOND

Defendants suggest that bond is mandatory under Rule 65, but that is clearly not the case. *See* TRO Application at 14. Further, Defendants identify no appreciable financial cost to the government if there were to be an erroneous decision on a TRO or otherwise. The only reason for a bond that Defendants put forward is that Plaintiff has no visa but that would only prevent Plaintiff from re-entering the United States if Plaintiff left. By seeking a TRO, Plaintiff is not trying to leave; indeed, Plaintiff is seeking a TRO so Plaintiff can *stay* and continue their studies and sport.

Dated: April 25, 2025                                  Respectfully submitted,

/s/ *Stacy Tolchin*
Stacy Tolchin

Counsel for Plaintiff

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case 5:25-cv-00847-SSS-SHK   Document 25   Filed 04/25/25   Page 11 of 11   Page ID #:451

## CERTIFICATE OF COMPLIANCE UNDER L.R. 11-6.2

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 2,173 words, which:

_x_ complies with the word limit of L.R. 11-6.1.

___ complies with the word limit set by court order dated [*date*].

Dated: April 25, 2025              /s/ *Stacy Tolchin*
                                   Stacy Tolchin

9