UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:25-cv-00847-SSS-SHKx | Date | April 25, 2025 |
|---|---|---|---|
| Title | *Student Doe # 1 v. Kristi Noem et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. 21]**

Before the Court is an Ex Parte Application for Temporary Restraining Order ("Application") filed by Plaintiff Student Doe #1. [Dkt. 21 ("App.")]. Defendants Kristi Noem, Department of Homeland Security, and Todd Lyons (the "Defendants") oppose. [Dkt. 24 ("Opp.")]. Having considered the parties' arguments, relevant legal authority, and record in this case, the Court **GRANTS** Plaintiff's Application. [Dkt. 21].

## I. BACKGROUND

Plaintiff is an international student attending college in the Inland Empire on an F-1 visa. [Application, Ex. A, Declaration of Student Doe #1 ("Pl.'s Decl."), ¶¶ 1, 3]. On April 1, 2025, Plaintiff's school notified Plaintiff their Student and Exchange Visitor Information Systems (SEVIS) record was terminated. [*Id.* ¶ 7]. Initially, the SEVIS system indicated Plaintiff's record was terminated for "failing to maintain status," citing codes suggesting Plaintiff was out of status and deportable on foreign policy grounds. [*Id.*; App. at 15]. After Plaintiff filed the present suit on April 5, 2025, the grounds of termination in the SEVIS system

changed to "OTHER – Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated." [Pl.'s Decl. ¶ 7]. Plaintiff's criminal record solely includes an arrest and misdemeanor conviction for reckless driving. [*Id.* ¶ 4]. Plaintiff concedes their visa was revoked. [Dkt. 1 ¶ 6].

Plaintiff attends college full-time and is a competitive athlete. [Pl.'s Decl. ¶ 3]. Multiple Division I schools are recruiting Plaintiff for their "excellent" athletic performance. [App., Ex. L]. Plaintiff plans to transfer to a Division I school on an athletic scholarship to continue their education and must complete the transfer process in the next three weeks. [*Id.*; Pl.'s Decl. ¶ 13]. However, without a SEVIS record, they are unable to transfer schools. [App. at 16].

Plaintiff filed a Complaint on April 5, 2025 alleging unauthorized, unconstitutional, and arbitrary and capricious agency action in violation of the Administrative Procedure Act ("APA"), and violations of Plaintiff's Fifth Amendment procedural due process rights. [Dkt. 1]. On April 21, 2025, Plaintiff brought the present Application requesting Defendants be temporarily enjoined from terminating Plaintiff's SEVIS record, taking action as a result of the SEVIS record termination, arresting or detaining Plaintiff, or transferring Plaintiff outside of this District's jurisdiction. [Dkt. 21-1]. Plaintiff also requests the Court give Plaintiff permission to use a pseudonym in this action, and limit Defendants' use and disclosure of Plaintiff's identity. [*Id.*]. The Court discusses additional relevant facts below.

## II.   LEGAL STANDARD

For the Court to grant an application for a temporary restraining order ("TRO"), Plaintiff must show: (1) they are "likely to succeed on the merits" of their underlying claims, (2) they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) the requested injunction "is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Additionally, the purpose of a TRO "is to preserve the status quo and the rights of the parties until a final judgment issues in the cause." *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010).

## III. DISCUSSION

### A. Jurisdiction

As an initial matter, this Court has jurisdiction over this action. Defendants assert the termination of Plaintiff's SEVIS record is not a final agency action subject to this Court's review. [Opp. at 11–12]. "Section 704 of the APA provides for judicial review of '[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court.'" *Int'l Bhd. of Teamsters v. U.S. Dep't of Transp.*, 861 F.3d 944, 952 (9th Cir. 2017) (quoting 5 U.S.C. § 704). However, other courts have found a SEVIS record termination to constitute a final agency action as it is "a unilateral decision with immediate legal consequences over which Plaintiff has no ability to seek administrative review." *Doe v. Noem*, No. 2:25-cv-00633-DGE, 2025 WL 1141279, at *3 (W.D. Wash. April 17, 2025); *Jane Doe, et al. v. Pam Bondi, et. al.*, No. 1:25-CV-01998-VMC, 2025 WL 1188469, at *2 (N.D. Ga. Apr. 18, 2025) ("Termination of the SEVIS registration constitutes a final decision reviewable under the APA."). Therefore, this Court has jurisdiction.[1]

### B. Administrative Procedure Act

The Court finds Plaintiff's APA claim warrants a temporary restraining order to preserve the status quo.[2]

First, Plaintiff has established a likelihood of success on the merits. Under § 706(a) of the APA, a reviewing court may "set aside agency action" if found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. §706(2)(A). "[A]n administrative agency is required to adhere to its own internal operating procedures." *Church of Scientology of California v. United States*, 920 F.2d 1481, 1487 (9th Cir. 1990); *see Wallace v. Christensen*,

---

[1] Defendants also argue Plaintiff's claim is barred because it is "delimited in the Privacy Act." [Opp. at 14]. However, Plaintiff is not asserting any claims under the Privacy Act. [Dkt. 1]. Additionally, Plaintiff is not challenging an agency's inaccuracy of a record or failure to amend a record, as 5 U.S.C. § 522a(g)(1) governs, but the termination of a record resulting in immediate legal consequences.

[2] Because the Court grants a TRO on the basis of Plaintiff's APA claim, the Court does not address Plaintiff's constitutional claim at this time.

802 F.2d 1539, 1552 n.8 (9th Cir. 1986) (an agency is "bound by its own regulations so long as they remain in force"). The limited record before the Court indicates the government has not met its own regulatory requirements, and thus, the termination of Plaintiff's SEVIS record is likely arbitrary and capricious.

An F-1 visa permits a student with "residence in a foreign country" to "pursue a full course of study" in the United States as a "nonimmigrant." 8 U.S.C. § 1101(a)(15)(F)(i); 8 C.F.R. § 214.1(a)(2). To manage the status of F-1 nonimmigrant students, the federal government uses SEVIS, a database run by U.S. Immigration and Customs Enforcement. [Dkt. 1 ¶ 2].

According to Department of Homeland Security regulation, an F-1 student's status may only be terminated if the student fails to maintain their status, or the government terminates their status pursuant to specific conditions. A student fails to maintain status if they do not "mak[e] normal progress toward completing a course of study," 8 C.F.R. § 214.2(f)(5)(i), or engage in unauthorized employment, provide false information to the government, or are convicted "in a jurisdiction of the United States for a crime of violence for which a sentence of more than one year imprisonment may be imposed." 8 C.F.R. § 214.1(e)–(g). The government may terminate a student's status by "the revocation of a waiver authorized [under 8 U.S.C. § 1182(3) or (4)]; by the introduction of a private bill to confer permanent resident status on such alien; or, pursuant to notification in the Federal Register, on the basis of national security, diplomatic, or public safety reasons." 8 C.F.R. § 214.1(d).

Here, Plaintiff has presented evidence sufficient to seriously question whether their SEVIS record termination met regulatory requirements. The government's most recent justification for termination was "criminal records check and/or [] VISA revoked." [Pl.'s Decl. ¶ 7]. Plaintiff's misdemeanor conviction for reckless driving does not rise to the level of a "crime of violence for which a sentence of more than one year imprisonment may be imposed," so Plaintiff's criminal record does not warrant a termination of their F-1 status. *See id*.

Additionally, while Plaintiff's visa was revoked, [Dkt. 1 ¶ 6], "visa revocation does not necessarily lead to termination of F-1 status." *See Chen, et al., v. Noem, et al*., No. 25-CV-03292-SI, 2025 WL 1150697, at *5 (N.D. Cal. Apr. 18, 2025); *see Jane Doe, et al. v. Pam Bondi, et. al*., 2025 WL 1188469, at *2 ("Accordingly, the revocation of an F-1 visa does not constitute failure to maintain status pursuant to the relevant regulations and does not provide a basis to terminate F-1 student status under the SEVIS registration system."); App., Ex. E, U.S.

Immigration and Customs Enforcement Policy Guidance ("Visa revocation is not, in itself, a cause for termination of the student's SEVIS record.").

Further, there is no indication Plaintiff has failed to maintain status on the other regulatory bases. *See* 8 C.F.R. § 214.1(e)–(g). Likewise, the Defendants did not have authority to terminate Plaintiff's SEVIS record. The record indicates "no waiver has been revoked, no private bill has been introduced, and no notification in the Federal Register has been published." *See Ratsantiboon v. Noem*, No. 25-CV-01315-JMB/JFD, 2025 WL 1118645, at *2 (D. Minn. Apr. 15, 2025).

Second, Plaintiff has showed a likelihood of irreparable harm absent relief. Plaintiff requires their SEVIS record to transfer to a new academic program in pursuit of their Division I athletic scholarship within the next several weeks. [Pl.'s Decl. ¶ 13]. *See Doe v. Noem*, 2025 WL 1141279, at *8 ("Some courts have specifically held that loss of opportunity to participate in post-secondary education programs is an irreparable harm."). Plaintiff expresses "severe stress and anxiety" due to this uncertainty. [*Id.*]. Additionally, Plaintiff supplies evidence their SEVIS record termination may lead to detainment and removal proceedings. [App., Ex. G, Declaration of Linus Chan ¶ 11].

Third, balance of the equities and public interest tips in Plaintiff's favor. "[W]hen the Government is the opposing party," these factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009). Here, "[t]he public has a vested interest in a federal government that follows its own regulations." *Doe v. Noem*, 2025 WL 1141279, at *9. Moreover, as of the date of this Order, fourteen other federal district courts have granted temporary restraining orders in challenges substantially similar to Plaintiff's challenge here. *See* App., Ex. D.[3]

---

[3] *Liu v. Noem et al.*, No. 25-cv-133-SE (D. N.H. Apr. 10, 2025); *Wu v. Lyons*, No. 1:25-cv-01979-NCM (E.D.N.Y. Apr. 11, 2025); *Arizona Student Doe #2 v. Donald Trump, et al.*, No. 4:25-cv-00175-AMM (D. Ariz. Apr. 15, 2025); *Zhou v. Lyons*, No. 2:25-cv-02994-CV-SK (C.D. Cal. Apr. 15, 2025); *Ratsantiboon.*, 2025 WL 1118645; *John Roe et al. v. Noem et al.*, No. CV 25-40-
(continued . . . )

Finding all factors weigh in favor of issuing a TRO in this case, the Court **GRANTS** Plaintiff's Application.  Further, the Court finds this TRO should not result in any financial damage to Defendants, and thus Plaintiff shall not be required to give security.  *See Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) ("The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.").

### C. Pseudonym and Protective Measures

At this time, the Court grants Plaintiff's request to proceed anonymously and limits Defendants' use of Plaintiffs' identity.  In the Ninth Circuit, a court may permit a party to proceed under a pseudonym by determining whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).  The Court should consider "(1) the severity of the threatened harm," "(2) the reasonableness of the anonymous party's fears," and "(3) the anonymous party's vulnerability to such retaliation."  *Id*.  The Court "must also determine the precise prejudice at each stage of the proceedings."  *Id*.

Plaintiff requests anonymity because they are "very scared" of retaliation from the government, especially considering the recent targeting of students by immigration enforcement.  [Pl.'s Decl. ¶ 10].  Plaintiff points to several incidences of students exercising political speech or challenging the administration's policies through litigation who have been targeted, detained, or arrested by immigration authorities.  [App. at 28–29].  The Court finds these fears reasonable.  *See e.g.*, Jaclyn Diaz & Adrian Florido, *Why Is Trump Sending Immigrant University Students to Louisiana and Texas?*, NPR (Apr. 8, 2025), https://www.npr.org/2025/04/08/nx-s1-5351645/ice-detention-louisiana-universityscholars.  Plaintiff's terminated SEVIS record and F-1 status make

---

BU-DLC (D. Mont. Apr. 15, 2025); *Student Doe v. Noem et al.*, No. 2:25-cv-01103-DAD-AC (E.D. Cal. Apr. 17, 2025); *John Doe v. Noem et al.*, No. 4:25-cv-03140-JSW (N.D. Cal. Apr. 17, 2025); *Ziliang v. Noem et al.*, No. 25-cv-1391-PSM-DLM (D. Minn. Apr. 17, 2025); *Patel v. Bondi et al.*, No. 1:25-cv-00101-SPB-WSH (W.D. Pa. Apr. 17, 2025); *Doe*, 2025 WL 1141279; *Jane Doe, et al. v. Pam Bondi, et. al.*, 2025 WL 1188469; *Student Doe #1 v. Trump et al.*, No. 2:25-cv-02825-MCA-LDW (D.N.J. Apr. 18, 2025); *Chen*, 2025 WL 1150697.

Plaintiff particularly vulnerable to detention or arrest. [App., Ex. G, Declaration of Linus Chan ¶ 11].

Additionally, Plaintiff's requested protective order is narrowly drawn to permit disclosure of Plaintiff's identity and related personal information to counsel for Defendants. [Dkt. 21-1 at 3]. Thus, prejudice to Defendants is limited. The Court finds, in balance, Plaintiff's need for anonymity outweighs the minimal prejudice to Defendants and the public's interest in access to judicial proceedings. At this stage, the Court **GRANTS** Plaintiff's request to use a pseudonym.

Once a party has demonstrated the need for anonymity, the district court should "issue protective orders limiting disclosure of the party's name, *see* Fed. R. Civ. P. 26(c), to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case." *Advanced Textile*, 214 F.3d at 1069. Accordingly, the Court issues a protective order as detailed below.

## IV. CONCLUSION

The Court **GRANTS** Plaintiff's Application. [Dkt. 21]. Defendants are hereby enjoined from:

1. Terminating Plaintiff's SEVIS record;
2. Taking action, directly or indirectly, by any means whatsoever, implementing, enforcing, or otherwise as a result of their decision to terminate Plaintiff's SEVIS record, including but not limited to any legal effect such as:
    a. Any effect on Plaintiff's ability to continue their studies and/or transfer enrollment to a different school;
    b. Any effect on Plaintiff's eligibility to work or receive authorization for Curricular Practical Training (CPT) or Optional Practical Training (OPT);
    c. Any effect on Plaintiff's ability to change status to another nonimmigrant status or apply for adjustment of status to that of a lawful permanent resident;
    d. Any effect on Plaintiff's accrual of unlawful presence; or
    e. Any effect on Plaintiff's alleged removability.
3. Transferring Plaintiff, if federally detained, outside the jurisdiction of this District without at minimum 14 days' notice to Plaintiff.

      Additionally, Plaintiff may be identified in this action by the pseudonym "Student Doe #1." Materials filed with the Court that contain Plaintiff's name or any identifying information must be redacted and/or filed under seal. Counsel for Plaintiff shall disclose Plaintiff's identity to counsel for Defendants as soon as possible. Counsel for Defendants may only further disclose Plaintiff's name or related personal information to individuals directly involved in the litigation who agree to be bound by this Order, and only as reasonably necessary for the litigation (including to comply with any orders of the Court). Such information may not be used for any purpose outside of this litigation.

      This Order shall be in effect until May 10, 2025. The Court **ORDERS** Defendants' **TO SHOW CAUSE** as to why a preliminary injunction should not issue. Defendants shall file any response by **Friday May 2, 2025**, and Plaintiff shall file any reply by noon on **Wednesday May 7, 2025**. The Court **SETS** a hearing on whether a preliminary injunction should issue on **May 9, 2025 at 2:00 P.M.**, via Zoom videoconference.

      **IT IS SO ORDERED.**