BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
PAUL (BART) GREEN (Cal. Bar No. 300847)
ALEXANDER L. FARRELL (Cal. Bar No. 335008)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0805 / -5557
    Email: Paul.Green@usdoj.gov
           Alexander.Farrell@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| STUDENT DOE #1,<br><br>    Plaintiff,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; *et al.*,<br><br>    Defendants. | No. 5:25-cv-00847-SSS-SHK<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>*[Declaration of Paul (Bart) Green and Proposed Order filed concurrently herewith]*<br><br>Hearing Date: July 18, 2025<br>Hearing Time: 2:00 p.m.<br>Ctrm: 2<br><br>Honorable Sunshine S. Sykes<br>United States District Judge |

# TABLE OF CONTENTS

**DESCRIPTION**     **PAGE**

TABLE OF AUTHORITIES ...................................................................................... ii

NOTICE OF MOTION AND MOTION TO DISMISS ........................................... v

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 1

I. INTRODUCTION ........................................................................................... 1

II. FACTUAL AND PROCEDURAL BACKGROUND ................................... 1

    A. SEVIS ...................................................................................................... 1

    B. Plaintiff's SEVIS Record ........................................................................ 2

    C. ICE Reinstates SEVIS Records .............................................................. 3

    D. SEVIS Litigation In This District ........................................................... 3

III. LEGAL STANDARD .................................................................................... 4

    A. Rule 12(b)(1) Standard of Review ......................................................... 4

    B. Rule 12(b)(6) Standard of Review ......................................................... 5

IV. ARGUMENT .................................................................................................. 5

    A. This Action Is Moot Because of ICE's New SEVIS Policy and the Reinstatement of Plaintiff's SEVIS Record ........................................... 5

    B. As Pled By The Complaint, Plaintiff's APA Claim Is Defective As A Matter Of Law ......................................................................................... 8

    C. Plaintiff Fails to State a Fifth Amendment Due Process Claim ............ 9

    D. Amending The Complaint Would Be Futile. ....................................... 10

V. CONCLUSION ............................................................................................. 11

# TABLE OF AUTHORITIES

DESCRIPTION                                                                                         PAGE

**Cases**

*Abdala v. INS*,
  488 F.3d 1061 (9th Cir. 2007) ........................................................................... 6
*Al-Kidd v. Ashcroft*,
  580 F.3d 949 (9th Cir. 2009) ............................................................................. 5
*Am. Cargo Transp., Inc. v. United States*,
  625 F.3d 1176 (9th Cir. 2010) ........................................................................... 7
*Am. Rivers v. Nat'l Marine Fisheries Serv.*,
  126 F.3d 1118 (9th Cir. 1997) ........................................................................... 6
*Arizonans for Official English v. Arizona*,
  520 U.S. 43 (1997) ............................................................................................. 6
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................... 5
*Ashcroft v. Mattis*,
  431 U.S. 171 (1977) ........................................................................................... 6
*ASSE Int'l, Inc. v. Kerry*,
  803 F.3d 1059 (9th Cir. 2015) ........................................................................... 9
*Bakhtiari v. Beyer*,
  2008 WL 3200820 (E.D. Mo. Aug. 6, 2008) .................................................... 9
*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1988) ............................................................................. 5
*Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*,
  941 F.3d 1195 (9th Cir. 2019) ........................................................................... 7
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................... 5
*Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist.*,
  149 F.3d 971 (9th Cir. 1998) ............................................................................. 9
*Brown v. Holder*,
  763 F.3d 1141 (9th Cir. 2014) ......................................................................... 10
*Calderon Salinas v. U.S. Atty. Gen.*,
  140 F. App'x 868 (11th Cir. 2005) .................................................................. 10
*Campbell-Ewald Co. v. Gomez*,
  136 S. Ct. 663 (2016) ......................................................................................... 6
*Church of Scientology v. United States*,
  506 U.S. 9 (1992) ............................................................................................... 6
*Coeur Alaska v. Se. Alaska Conserv. Council*,
  557 U.S. 261 (2009) ........................................................................................... 8

*Coto Settlement v. Eisenberg*,
   593 F.3d 1031 (9th Cir. 2010) ...................................................................... 3
*Council v. U.S. Army Corps of Eng'rs*,
   486 F.3d 638 (9th Cir. 2007) ........................................................................ 8
*Doe v. United States*,
   58 F.3d 494 (9th Cir. 1995) ........................................................................ 10
*Doe 1 v. U.S. Dep't of Homeland Sec.*,
   2020 WL 6826200 (C.D. Cal. Nov. 20, 2020) ............................................. 9
*Doe 1 v. U.S. Dep't of Homeland Sec.*,
   2021 WL 1156846 (C.D. Cal. Feb. 25, 2021) ............................................ 10
*Fan v. Brewer*,
   2009 WL 1743824 (S.D. Tex. June 17, 2009) ............................................. 9
*Flagship Lake Cty. Dev. No. 5, Ltd. Liab. Co. v. City of Mascotte*,
   2013 WL 1774944 (M.D. Fla. Apr. 25, 2013) ............................................ 10
*Habetler v. Burwell*,
   667 F. App'x 633 (9th Cir. 2016) ................................................................. 6
*Hollingsworth v. Perry*,
   570 U.S. 693 (2013) ..................................................................................... 6
*Judulang v. Holder*,
   565 U.S. 42 (2011) ....................................................................................... 8
*Kennedy v. Sphere Drake Ins.*, No.,
   2002 WL 505903 (9th Cir. Apr. 2, 2002) ..................................................... 5
*Kingman Reef Atoll Invs., L.L.C. v. United States,*
   541 F.3d 1189 (9th Cir. 2008) ...................................................................... 4
*Lee v. City of Los Angeles*,
   250 F.3d 668 (9th Cir. 2001) ........................................................................ 4
*Louhghalam v. Trump*,
   230 F. Supp. 3d 26 (D. Mass. 2017) ............................................................. 9
*Lyons v. City of Los Angeles*,
   615 F.2d 1243 (9th Cir.1980) ....................................................................... 7
*McNutt v. Gen. Motors Acceptance Corp. of Ind.*,
   298 U.S. 178 (1936) ..................................................................................... 5
*Natural Res. Def. Council v. U.S. Dep't of the Interior*,
   113 F.3d 1121 (9th Cir. 1997) ...................................................................... 8
*Nunez v. City of Los Angeles*,
   147 F.3d 867 (9th Cir. 1998) ........................................................................ 9
*Nw. Envtl. Def. Ctr. v. Gordon*,
   849 F.2d 1241 (9th Cir. 1988) ...................................................................... 6
*Rosales-Martinez v. Palmer*,
   753 F.3d 890 (9th Cir. 2014) ........................................................................ 4

*Rosen v. NLRB*,
   1983 WL 21389 (D.D.C. Jan. 27, 1983) .................................................................. 10
*Rudolph v. Cal. Two Bunch Return, LLC*,
   2017 WL 7101147 (C.D. Cal. May 19, 2017) ........................................................... 6
*Safe Air for Everyone v. Meyer*,
   373 F.3d 1035 (9th Cir. 2004) .................................................................................... 4
*Telesaurus VPC, LLC v. Power*,
   623 F. Supp. 3d 998 (9th Cir. 2010) ......................................................................... 10
*Tosco Corp. v. Comtys. for a Better Env't*,
   236 F.3d 495 (9th Cir. 2001) ...................................................................................... 4
*United States v. Verdin*,
   243 F.3d 1174 (9th Cir. 2001) .................................................................................... 6
*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000) .................................................................................... 7
*Wolfe v. Strankman*,
   392 F.3d 358 (9th Cir. 2004) ...................................................................................... 4
*Yunsong Zhao v. Virginia Polytechnic Inst. & State Univ.*,
   2018 WL 5018487 (W.D. Va. Oct. 16, 2018) ............................................................ 9

**Statutes**

5 U.S.C. § 706 .................................................................................................................... 8
8 U.S.C. § 1101 .................................................................................................................. 2
8 U.S.C. § 1184 .................................................................................................................. 2

**Other**

8 C.F.R. § 214.2(f) ............................................................................................................. 2
Fed. R. Civ. P. 12 ......................................................................................................... 4, 5
Fed. R. Evid. 201 ............................................................................................................... 4

# NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that, on July 18, 2025 at 2:00 p.m., or as soon thereafter as they may be heard, Defendants Kristi Noem in her official capacity as Secretary of the Department of Homeland Security, the Department of Homeland Security, and Todd Lyons in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement (collectively "Defendants") will bring for hearing this motion to dismiss the action without leave to amend. This motion will be made before the Honorable Sunshine S. Sykes, United States District Judge, Courtroom 2, in the George E. Brown, Jr. Federal Building and Courthouse, located at 3470 Twelfth Street, Riverside, CA 92501.

Dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(1) is warranted because Plaintiff's SEVIS record was reinstated, rendering the action moot and lacking in subject matter jurisdiction. Also, there is no final agency action under the Administrative Procedure Act for this Court to review, making the Complaint subject to dismissal for failure to state a plausible claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff also fails to state a due process claim because Plaintiff does not have a constitutionally protected entitlement in his SEVIS record.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Paul (Bart) Green, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on June 2, 2025. Pursuant to the Court's Standing Order [Dkt. 34] the conference included the following:

1. Present Counsels: Assistant United States Attorneys Alexander Farrell and Paul (Bart) Green for the Defendants; Attorneys Stacy Tolchin, Khaled Alrabe, and Anne Lai for the Plaintiff.

2. Conference Date and Time: June 2, 2025, at 4:00 p.m.

3. Conference Length: 20 minutes.

4. Manner of Conference: Video conference.

5. Topics of Discussion: The parties discussed the basis for the Defendants' motion to dismiss, the mootness of the claims, the posture of similarly situated SEVIS Records cases which lead to stipulated dismissals, and the possibility of settlement.

6. Remaining Issues: The parties were unable to reach a resolution that would eliminate the necessity for a hearing on this motion because the parties disagree on whether the claims are moot, and the parties disagree on whether the APA and Due Process claims are actionable. At this time, the parties were unable to reach a settlement of claims for Plaintiff Student Doe # 1.

Dated: June 9, 2025

Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

  */s/ Paul (Bart) Green*
PAUL (BART) GREEN
ALEXANDER L. FARRELL
Assistant United States Attorneys

Attorneys for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Student Doe #1 filed this lawsuit complaining that his information within the Student Exchange Visitor Information System ("SEVIS") had been arbitrarily terminated. After receiving a limited TRO from the Court, Plaintiff's SEVIS record was reinstated. Soon after, U.S. Immigration and Customs Enforcement ("ICE") reinstated all of the effected students' SEVIS records as a new national policy. Under this policy, ICE has no plans to re-terminate SEVIS records, including Plaintiff's, based solely on the criminal database searches that led to the initial terminations. Because Plaintiff has received the relief he sought, this action should be dismissed as moot.

Moreover, this Court does not have subject matter jurisdiction because there is no final agency action to review and vacate. The Complaint brings three causes of action under the Administrative Procedure Act challenging the termination of Plaintiff's SEVIS record as an arbitrary and capricious final agency action. The termination was manifestly not final since Plaintiff's SEVIS record was reinstated, just as all the other student records were. Plaintiff also brings a claim for violation of the Due Process Clause of the Fifth Amendment, but as a matter of law, Plaintiff does not have a constitutionally protected entitlement in his SEVIS record.

At this point, most of the SEVIS record cases in this District have thus been voluntarily dismissed by their student plaintiffs, or else dismissed through joint stipulation with a waiver of fees and costs; there is no genuine case or controversy remaining, and no viable APA claim left.

Accordingly, this lawsuit should promptly be dismissed in its entirety without leave to amend for lack of subject matter jurisdiction and for failure to state a plausible claim.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. SEVIS

The United States provides temporary nonimmigrant visas, known as F-1 visas,

for noncitizens to study at U.S. educational institutions. 8 U.S.C. § 1101(a)(15)(F)(i). Nonimmigrants who are admitted to the United States under an F-1 visa are subject to the requirements set forth in 8 U.S.C. § 1101(f), (m) and 8 U.S.C. § 1184. *See also* 8 C.F.R. § 214.2(f), (m). A nonimmigrant who does not abide by the terms of his or her nonimmigrant status may be removable under INA § 237(a)(1)(C)(i), 8 U.S.C. § 1227(a)(1)(C)(i) for having "failed to maintain the nonimmigrant status . . . or to comply with the conditions of such status."

Federal law requires the Department of Homeland Security ("DHS") to track and monitor U.S. educational institutions that enroll nonimmigrant students. DHS carries out these obligations through the Student Exchange and Visitor Program ("SEVP"), which administers SEVIS.

**B.     Plaintiff's SEVIS Record**

The Complaint alleges that Plaintiff is an international student located in the United States pursuant to an F-1 visa. Compl. ¶¶ 1, 24. Plaintiff attends college at an unspecified school in the Inland Empire. *Id*.

Plaintiff alleges that that his school notified him on April 1, 2025, that his SEVIS record was terminated. Compl. ¶ 28. Plaintiff previously had a "minor misdemeanor non-alcohol related driving conviction." Compl. ¶ 32.

On April 5, 2025, Plaintiff filed his Complaint, which asserts three APA claims and a Fifth Amendment procedural due process claim challenging the termination of Plaintiff's SEVIS record. Compl. ¶¶ 37-52.

On April 21, 2025, Plaintiff applied *ex parte* for a TRO enjoining the effects of its termination of Plaintiff's SEVIS record and F-1 status. Dkt. 21. On April 25, the Court issued an order granting the TRO and then issued an Order to Show Cause for a preliminary injunction. Dkt. 27. On May 9, 2025, the Court held a hearing on the OSC and then issued an order declining to impose a preliminary injunction and dissolving the TRO that was in place pursuant to the Court's April 25, 2025 Order. Dkt. 38.

### C. ICE Reinstates SEVIS Records

Plaintiff is one of hundreds of student plaintiffs that filed lawsuits around the country after the termination of SEVIS records.

On April 25, 2025, the government publicly announced that ICE was restoring the SEVIS records of international student. *See* Declaration of Paul (Bart) Green, Ex. A (SEVIS Notice – Policy Regarding Termination of Records).[1] This reactivation includes students that filed lawsuits as plaintiffs and students who did not file lawsuits—i.e. **ICE's reactivation of SEVIS records is independent of any particular civil litigation**. ICE promulgated its announcement into a new written policy on the following day, April 26, 2025. *Id*. ICE has no plans under its new policy to re-terminate SEVIS records, including Plaintiff's, based solely on the National Crime Information Center (NCIC) record that led to the initial termination. *See* Ex. B (Declaration of Andre Watson). Moreover, ICE's reactivation of Plaintiff's SEVIS record is retroactive to the date of its initial termination. *Id*. That means there is no gap in Plaintiff's SEVIS record.

### D. SEVIS Litigation In This District

Plaintiffs in most of the SEVIS record cases filed in this District have dismissed their cases, recognizing that the relief sought has already been provided by the agency's policy-level reinstatement of SEVIS records on April 25, 2025. Those cases are:

- *Student Doe No. 1 v. Noem*, 2:25-cv-03348-SPG, Dkt. 17 (C.D. Cal. Apr. 25, 2025) – single plaintiff action voluntarily dismissed.
- *Zhang, et al. v. Noem*, 8:25-cv-00840-AH, Dkt. 16 (C.D. Cal. May 1, 2025) – action brought by 4 plaintiffs voluntarily dismissed.
- *Yang v. Noem*, 2:25-cv-03261-DMG, Dkt. 17-18 (C.D. Cal. May 16, 2025)

---

[1] The Court may consider documents incorporated into the complaint by reference. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Documents are properly incorporated into the complaint by reference "in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Id*. at 1038.

3

– single plaintiff action dismissed pursuant to Court-ordered stipulation that included a waiver of fees and costs.

- *Jagasia, et al. v. Noem*, 2:25-cv-3502-HDV, Dkt. 31, 32 (C.D. Cal. May 28, 30, 2025) – mass action brought by 23 plaintiffs dismissed pursuant to Court-ordered stipulation that included a waiver of fees and costs.
- *Student Doe #2 v. Noem*, 2:25-cv-02993-SPG, Dkt. 32 (C.D. Cal. June 5, 2025) – single plaintiff action voluntarily dismissed.
- *Student Doe #3 v. Noem*, 8:25-cv-00706-DOC, Dkt. 30 (C.D. Cal. June 5, 2025) – single plaintiff action voluntarily dismissed.[2]

## III. LEGAL STANDARD

### A. Rule 12(b)(1) Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's jurisdiction to hear the case. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A Rule 12(b)(1) jurisdictional attack "may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In resolving the facial attack, the Court must "assume [plaintiff's] allegations to be true and draw all reasonable inferences in his [or her] favor." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

"When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Invs., L.L.C. v. United States,* 541 F.3d 1189, 1197 (9th Cir. 2008) (quoting *Tosco Corp. v. Comtys. for a Better Env't,* 236 F.3d 495, 499 (9th Cir. 2001)). "It is the burden of the party invoking the court's jurisdiction to plead and

---

[2] The Court make take judicial notice of "matters of public record" under Fed. R. Evid. 201. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Additionally, federal courts may take judicial notice of proceedings in other federal courts. *See Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014).

4

prove the facts supporting such jurisdiction." *Kennedy v. Sphere Drake Ins.*, No. 00-36021, 2002 WL 505903, at *1 (9th Cir. Apr. 2, 2002) (unpublished) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)).

### B.  Rule 12(b)(6) Standard of Review

A Rule 12(b)(6) motion tests the sufficiency of the allegations in the complaint and should be granted where the complaint fails to assert a cognizable legal theory or contains insufficient factual allegations to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Mere conclusory statements or legal conclusions "are not entitled to the assumption of truth." *Id.* ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *id.* at 678 (quoting *Twombly*, 550 U.S. at 570)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In reviewing a Rule 12(b)(6) motion, the court accepts as true all facts alleged in the complaint and draws all reasonable inferences in favor of the plaintiff. *Al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

## IV.  ARGUMENT

### A.  This Action Is Moot Because of ICE's New SEVIS Policy and the Reinstatement of Plaintiff's SEVIS Record

Plaintiff's Complaint is moot given the subsequent reinstatement of his SEVIS record and the agency's issuance of a new ICE policy on that subject.

5

1    Federal jurisdiction requires a live case or controversy at every stage of litigation. *See* U.S. Const. art. III, § 2, cl. 1; *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013). A federal court does not have authority "to give opinions upon moot questions." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988).

To satisfy this requirement, "a litigant must continue to have a personal stake in the outcome of the suit throughout 'all stages of federal judicial proceedings.'" *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001)). "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (internal quotation marks omitted). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016), *as revised* (Feb. 9, 2016) (internal quotation marks omitted).

Because a "federal court does not have jurisdiction to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it[,] . . .[i]f an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) (internal quotation marks and citations omitted); *see also Habetler v. Burwell*, 667 F. App'x 633, 634 (9th Cir. 2016) (holding that where a Medicare coverage rule had been retired, a ruling that the retired rule was "invalid were it still in place would be an advisory opinion.") (citing *Ashcroft v. Mattis*, 431 U.S. 171 (1977)); *Rudolph v. Cal. Two Bunch Return, LLC*, 2017 WL 7101147, at *2 (C.D. Cal. May 19, 2017) (where a "Plaintiff has already received all of the relief he seeks from the Court . . . his claim is moot and m[u]st be dismissed.").

6

"A private defendant's voluntary cessation of challenged conduct does not necessarily render a case moot because, if the case were dismissed as moot, the defendant would be free to resume the conduct." *Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019) (citing cases). Courts, however, "treat the voluntary cessation of challenged conduct by government officials 'with more solicitude . . . than similar action by private parties.'" *Id*. As the Ninth Circuit has explained:

> The government's change of policy presents a special circumstance in the world of mootness. Of course there is always the possibility of bad faith and a change of heart. But, unlike in the case of a private party, we presume the government is acting in good faith. Our prior cases are consistent with this principle, *see*, *e.g.*, *White v. Lee*, 227 F.3d 1214, 1243 (9th Cir. 2000) (holding that permanent change in HUD's policy with respect to Fair Housing Act investigations was sufficient to render plaintiff's claim moot); *Lyons v. City of Los Angeles*, 615 F.2d 1243, 1245-46 & n. 4 (9th Cir.1980) (finding "[t]he city attorney has now announced an official policy" and that "given the change in policy, there is not a strong possibility of a recurrence of the behavior of which the appellant complains"), and our sister circuits abide by this presumption.

*Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010).

Here, Plaintiff's SEVIS record has been restored to Active. *See* Ex. A-B. The substantive relief that Plaintiff expressly sought in the Complaint was (1) to vacate and set aside DHS's termination of Plaintiff's SEVIS status; and (2) order that Defendants restore Plaintiff's SEVIS record and status. *See* Compl. *Prayer for Relief*, at p. 15. Because the relief Plaintiff seeks is already in place by ICE's decision and policy, there is no basis for the Court to grant Plaintiff any further relief. To do so would amount to issuing an advisory opinion.

That is particularly true because the basic legal remedy for a litigant who prevails on an APA claim is vacatur of the erroneous or unlawful final agency action or decision, not the issuance of permanent injunctive relief. *See* 5 U.S.C. § 706(2)(A); *see also Se. Alaska Conserv. Council v. U.S. Army Corps of Eng'rs*, 486 F.3d 638, 654 (9th Cir. 2007), rev'd on other grounds sub nom. *Coeur Alaska v. Se. Alaska Conserv. Council*, 557 U.S. 261 (2009). There is nothing to vacate here.

There is no longer a case or controversy for this Court to decide now that Plaintiff's SEVIS record has been reinstated alongside a new national policy issued by the agency on SEVIS records. This case should be dismissed accordingly.

### B. As Pled By The Complaint, Plaintiff's APA Claim Is Defective As A Matter Of Law

Even if this Court finds that the action is not moot to the point of lacking subject matter jurisdiction, the Complaint fails to identify a final agency action that could be reviewed and vacated under the APA, which is the basis for three of Plaintiff's four causes of action.

For agency action that is final and reviewable under the APA, a court may set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706. In assessing whether an agency's decision satisfies this standard, "[courts] ask whether the agency 'considered the relevant factors and articulated a rational connection between the facts found and the choice made.'" *Natural Res. Def. Council v. U.S. Dep't of the Interior*, 113 F.3d 1121, 1124 (9th Cir. 1997) (citation omitted). Under this standard, "[t]he scope of [the Court's] review is narrow; … 'a court is not to substitute its judgment for that of the agency.'" *Judulang v. Holder*, 565 U.S. 42, 52-53 (2011) (citation omitted).

Here, Plaintiff's Complaint fails to plead an actionable APA claim for the review of genuinely final agency action. Accordingly, this action should be dismissed for failure to plead an actionable APA claim.

### C. Plaintiff Fails to State a Fifth Amendment Due Process Claim

Plaintiff's Complaint fails to state an actionable claim for violation of the Due Process Clause of the Fifth Amendment, which he tries to plead as an alternative to the APA. *See* Compl. ¶¶ 41-44. Substantive due process "forbids the government from depriving a person of life, liberty, or property in such a way that shocks the conscience' or interferes with the rights implicit in the concept of ordered liberty.'" *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998). A procedural due process claim has two elements: deprivation of a constitutionally protected liberty or property interest and denial of adequate procedural protection. *Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

Plaintiff does not have a constitutionally protected entitlement in his SEVIS record that could give rise to a due process claim, as several courts have ruled. *See Yunsong Zhao v. Virginia Polytechnic Inst. & State Univ.*, 2018 WL 5018487, at *6 (W.D. Va. Oct. 16, 2018) (denying preliminary injunction and finding that plaintiff had no due process right to or property interest in his SEVIS status and that a change to his SEVIS status did not engender due process protections); *Bakhtiari v. Beyer*, 2008 WL 3200820, at *3 (E.D. Mo. Aug. 6, 2008) (holding that SEVIS regulations and their enabling legislation do not indicate a congressional intent to confer a benefit on nonimmigrant students); *Doe 1 v. U.S. Dep't of Homeland Sec.*, 2020 WL 6826200, at *4 n.3 (C.D. Cal. Nov. 20, 2020), aff'd sub nom. *Does 1 through 16 v. U.S. DHS*, 843 F. App'x 849 (9th Cir. 2021) ("Although Plaintiffs do not allege in the Complaint or Motion a property interest in their SEVIS status, it is equally unlikely that one exists."); *Fan v. Brewer*, 2009 WL 1743824, at *8 (S.D. Tex. June 17, 2009) (updating student's SEVIS record to reflect changed academic status did not violate any constitutional right); Similarly, "[t]here is no constitutionally protected interest in either obtaining or continuing to possess a visa." *See also Louhghalam v. Trump*, 230 F. Supp. 3d 26, 35 (D. Mass. 2017) (collecting cases).

9

Plaintiff claims his due process rights were violated because he should have been given notice and an opportunity to be heard before DHS terminated Plaintiff in the SEVIS database and F-1 status. Compl. ¶ 44. But Plaintiff's SEVIS record has now been reinstated by ICE policy. Plaintiff's reference to *ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059, 1074 (9th Cir. 2015) is not applicable here because the Ninth Circuit only addressed due process as to whether the State Department had to give an accounting of the evidence that it relied upon in imposing sanctions in an unrelated exchange visitor program. *See* Compl. ¶ 43. And Plaintiff's reference to *Brown v. Holder*, 763 F.3d 1141, 1148 (9th Cir. 2014) is not applicable here because there the Ninth Circuit rejected the plaintiff's premise of due process claim based an alleged failure to follow immigration regulations and operating procedures. *See* Compl. ¶ 43; *see also Brown*, 763 F.3d at 1148.

And even if Plaintiff were entitled to due process as to the termination of the SEVIS record, Plaintiff could obtain it through the administrative process that Plaintiff has chosen not to pursue, or through a removal proceeding if that were to occur. *See, e.g., Calderon Salinas v. U.S. Atty. Gen.*, 140 F. App'x 868, 870 (11th Cir. 2005) (indicating that aliens were provided due process in removal proceedings because "[t]hey were given notice and opportunity to be heard in their removal proceedings[.]"). Plaintiff is not entitled to the due process of his choice. *See, e.g., Rosen v. NLRB*, 1983 WL 21389, at *3 (D.D.C. Jan. 27, 1983) ("Plaintiffs are not entitled to the process they would prefer."); *Flagship Lake Cty. Dev. No. 5, Ltd. Liab. Co. v. City of Mascotte*, 2013 WL 1774944, at *3 (M.D. Fla. Apr. 25, 2013) (remedy "may not have been the preferred remedy" but was "more than adequate").

Accordingly, Plaintiff does not have an actionable due process claim.

### D. Amending The Complaint Would Be Futile

If this Court grants this Motion, it should deny Plaintiff leave to amend. Although the Court should grant leave to amend when justice so requires, the Court may deny leave to amend if it determines that allegation of facts consistent with the challenged pleading could not possibly cure the deficiency or if plaintiff had opportunities to amend

its complaint and did not do so. *Telesaurus VPC, LLC v. Power*, 623 F. Supp. 3d 998, 1003 (9th Cir. 2010); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

Because Plaintiff does not "allege any agency action which this Court may review under the APA, granting leave to amend the Complaint would be futile." *Doe 1 v. U.S. Dep't of Homeland Sec.*, No. 22-CV-9654-VAP, 2021 WL 1156846, at *5 (C.D. Cal. Feb. 25, 2021). Likewise, amending the due process claim would be futile because Plaintiff does not have a constitutionally protected entitlement in his SEVIS record that could give rise to a due process claim. *See supra*.

## V. CONCLUSION

For these reasons, Defendants respectfully request that the Court grant this motion and dismiss the action without leave to amend.

Dated: June 9, 2025

Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

  */s/ Paul (Bart) Green*
PAUL (BART) GREEN
ALEXANDER L. FARRELL
Assistant United States Attorneys

Attorneys for Defendants

<u>Certificate of Compliance with L.R. 11-6.2</u>

The undersigned, counsel of record for the Defendants, certifies that this memorandum contains 3,612 words and 11 pages, which complies with the word limit of L.R. 11-6.1 and of the Court's Standing Order [Dkt. 34].

Dated: June 9, 2025                    */s/ Paul (Bart) Green*
                                        PAUL (BART) GREEN
                                        ALEXANDER L. FARRELL