BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
PAUL (BART) GREEN (Cal. Bar No. 300847)
ALEXANDER L. FARRELL (Cal. Bar No. 335008)
Assistant United States Attorneys
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-0805 / -5557
Email: Paul.Green@usdoj.gov
Alexander.Farrell@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

STUDENT DOE #1,

Plaintiff,

v.

KRISTI NOEM, in her official capacity as Secretary of Homeland Security; *et al.*,

Defendants.

No. 5:25-cv-00847-SSS-SHK

**STIPULATION RE: RE-ACTIVATION OF SEVIS RECORD AND DISMISSAL**

*[Proposed Order filed concurrently]*

Honorable Sunshine S. Sykes
United States District Judge

IT IS HEREBY STIPULATED by and between the parties, through their counsel of record, subject to Court approval, that:

1. The Student and Exchange Visitor Information System ("SEVIS") record for Plaintiff Student Doe #1 ("Plaintiff") has been set back to "active" by the Student and Exchange Visitor Program ("SEVP") within Homeland Security Investigations ("HSI") at U.S. Immigration and Customs Enforcement ("ICE").

2. The reactivation of Plaintiff's SEVIS record shall be considered retroactive to the date of its initial termination, such that there is no gap or lapse in the Plaintiff's SEVIS record. Although the event history will memorialize whatever modifications are made to the SEVIS account, the effect of this retroactive activation is as though the termination did not happen.

3. To the extent Plaintiff is participating in Optional Practical Training ("OPT"), or the Science, Technology, Engineering, and Math ("STEM") OPT extension, or Curricular Practical Training ("CPT"), any authorization end date for OPT, STEM OPT, or CPT has been reset to the end date set forth in the Plaintiff's SEVIS record before its termination.

4. ICE will not, under its new SEVIS policy announced April 26, 2025 or otherwise, re-terminate the Plaintiff's SEVIS records based solely on the National Crime and Information Center ("NCIC") record that led to the initial termination or on any related prudential visa revocation that is effective upon departure (as set forth in Paragraph 5). However, ICE maintains the authority to terminate a SEVIS record for other reasons, such as if a student fails to maintain his or her nonimmigrant status after the record is reactivated or engages in other unlawful activity that would render him or her removable from the United States under the Immigration and Nationality Act ("INA").

5. A visa revocation that is effective upon departure rather than immediately does not establish removability under INA § 237(a)(1)(B), and therefore is not, in itself, a basis for termination of the SEVIS record under the new SEVIS policy.

6. Pursuant to INA § 221(i), notice of a visa revocation must be communicated to the Department of Homeland Security. DHS has not received any communication from the Department of State that Plaintiff's visa has been revoked with immediate effect. As such, it is understood that Plaintiff's visa revocation is effective upon departure.

7. The termination and reactivation of Plaintiff's SEVIS record by SEVP, as set forth in Paragraph 1 of this Stipulation, will not, in itself, have a negative impact on the adjudication of any benefit request by United States Citizenship and Immigration Services ("USCIS"). If, while adjudicating an immigration benefit request, USCIS finds that an F-1 nonimmigrant's SEVIS record was terminated and then reactivated by ICE, USCIS will continue processing the benefit request according to all applicable laws, regulations, policies, and procedures.

8. To the extent USCIS issues a request for evidence, notice of intent to deny, or denial based in whole or part on the termination and reactivation of Plaintiff's SEVIS record, counsel for Defendant agree to cooperate with Plaintiff's counsel to ensure USCIS is aware of this Stipulation and its terms in connection with its consideration or reconsideration of Plaintiff's benefits request.

9. Defendant shall communicate this Stipulation to the Department of State.

10. Plaintiff shall dismiss this action with prejudice. Such dismissal does not preclude future claims that may arise or accrue from actions after the date of this Stipulation or claims unrelated to those asserted by Plaintiff in this action. Each party shall bear its own fees and costs.

Respectfully submitted,

Dated: June 25, 2025

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

*/s/ Paul (Bart) Green*
PAUL (BART) GREEN
ALEXANDER L. FARRELL
Assistant United States Attorneys

Attorneys for Defendants

Dated: June 25, 2025

STACY TOLCHIN
Law Offices of Stacy Tolchin

KHALED ALRABE
National Immigration Project of the National Lawyers Guild (NIPNLG)

ANNE LAI
UC Irvine School of Law – Immigrant Rights Clinic

*/s/ Anne Lai*
ANNE LAI*

Attorneys for Plaintiff

*Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.